```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-27-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS
INC., *et al.*,

Debtors.

LEHMAN BROTHERS SPECIAL
FINANCING INC.,

Plaintiff,

-v-

FEDERAL HOME LOAN BANK OF
CINCINNATI,

Defendant.

No. 13 Civ. 4121 (RJS)
AMENDED* ORDER

RICHARD J. SULLIVAN, District Judge:

Lehman Brothers Special Financing Inc. ("LBSF") brings this adversary proceeding against Federal Home Loan Bank of Cincinnati ("FHLB"), seeking declaratory judgment and damages. (Decl. of Philip M. Abelson, dated June 13, 2013, Doc. No. 2 ("Abelson Decl."), Ex. A (the "Complaint").) Because LBSF is the subject of an ongoing bankruptcy proceeding, the case

---

* This Amended Order amends this Court's Order of March 17, 2014 (Doc. No. 26) by making a minor modification to footnote 4 in response to FHLB's March 21, 2014 letter (Doc. No. 27). (*See* Doc. No. 29.)

was referred to the bankruptcy court, pursuant to the District's standing order of reference for bankruptcy cases. *See In re Standing Order of Reference Re: Title 11*, No. 12 Misc. 32 (LAP) (S.D.N.Y. Jan. 31, 2012). Now before the Court is FHLB's motion to withdraw the reference. For the reasons set forth below, the motion is denied.

## I. LEGAL STANDARD

Pursuant to section 157(d) of Title 28 of the United States Code, a "district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] . . . for cause shown." 11 U.S.C. § 157(d). Under Second Circuit precedent, district courts should weigh several factors, known as the *Orion* factors, to determine if "cause" exists, including:

> (1) whether the claim is core or non-core [under 28 U.S.C. § 157(b)(2)(B)], (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.

*In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2d Cir. 1996) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)).[1]

The first factor is the "most important" and must be addressed first, because the other factors cannot be evaluated without first knowing whether the case is core or non-core. *Orion*, 4 F.3d at 1101 ("Thus once a district court makes the core/non-core determination, it should weigh

---

[1] Since the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), several district courts have held that the core/non-core factor should be replaced with a "finally-decidable-by-the-bankruptcy-court/not-finally-decidable-by-the-bankruptcy-court" factor. *See, e.g.*, *In re Lehman Bros. Holdings Inc.*, 480 B.R. 179, 188 (S.D.N.Y. 2012) ("Thus, in evaluating a motion to withdraw post-*Stern*, the principal question is no longer whether the claim in question is 'core' or 'non-core' pursuant to the Bankruptcy Code but whether the bankruptcy court has constitutional authority to enter final judgment on the claims at issue."); *In re Lyondell Chem. Co.*, 467 B.R. 712, 719 (S.D.N.Y. 2012) ("Under *Stern*, it is not the core/non-core distinction but Article III that determines the bankruptcy court's adjudicative authority."); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 467 (S.D.N.Y. 2011) ("[A]fter *Stern*, one can still apply the *Orion* factors but not looking at whether the matter can be classified as 'core' under 28 U.S.C. § 157, but rather at whether, under *Stern*, the Bankruptcy Court has the final power to adjudicate it.").

2

questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."). Nevertheless, the core/non-core distinction is not dispositive, *In re Lehman Bros. Holdings Inc.*, 480 B.R. 179, 195 (S.D.N.Y. 2012) (holding that "the determination of whether claims are core or non-core is not dispositive" in deciding whether to withdraw the reference), whereas considerations of efficiency and consistency may be, *see In re Big Apple Volkswagon, LLC*, No. 12 Civ. 92 (PGG), 2013 WL 1245548, at *5 (S.D.N.Y. Mar. 25, 2013) ("Considerations of judicial economy are decisive here."); *In re Lyondell Chem. Co.*, 467 B.R. 712, 723 (S.D.N.Y. 2012) (holding that "factors other than 'core/non-core' are decisive").

## II. DISCUSSION[2]

The Court addresses each of the *Orion* factors in turn. Because of their similarity, factors two and three are addressed together under the heading of "Efficiency."

### A. Core/Non-Core

Both parties agree that the claims here are non-core and therefore cannot be finally decided by the bankruptcy court. (*See* FHLB Br. at 14; LBSF Opp. at 2.) The Court therefore determines that the claims are non-core and that, pursuant to section 157(c)(1) of Tile 28, the bankruptcy court may only "submit proposed findings of fact and conclusions of law to the district court." *See* 11 U.S.C. § 157(c)(1).

### B. Efficiency

With respect to efficiency, FHLB argues that it intends to quickly make a dispositive motion and that, unless the bankruptcy reference is withdrawn, it will be forced to litigate the

---

[2] In deciding this motion, the Court has considered FHLB's memorandum in support of its motion (Doc. No. 1 ("FHLB Br.")), LBSF's memorandum in opposition (Doc. No. 12 ("LBSF Opp.")), and FHLB's reply memorandum (Doc. No. 15), as well as the parties' declarations and exhibits.

motion two times – once before the bankruptcy court for proposed findings of facts and conclusions of law, and once before the district court, which will ultimately resolve the motion. (FHLB Br. at 20–22.) A similar argument was made in *Lehman Brothers Holdings, Inc. v. Ford Global Treasury, Inc.*, No. 12-8201 (S.D.N.Y. Apr. 8, 2013) (Abrams, J.) (Abelson Decl. Ex. C ("*Ford Global*")), and was rejected. In that case, as in this one, the adversary proceeding focused on a non-core contract dispute. Indeed, that case involved the same standard form derivatives contract that is at issue here. (*See* LBSF Opp. at 10.) As Judge Abrams explained,

> The bankruptcy court has been overseeing the Lehman bankruptcy for more than four years. Given the size and complexity of the Lehman bankruptcy, the bankruptcy court's familiarity with the underlying facts of the Lehman bankruptcy, including its derivatives portfolio, as well as its expertise in bankruptcy law, a consideration of efficiency weighs against withdrawing the reference at this time. This is particularly true given Plaintiffs' representation that scores of disputes involving derivative transactions are currently being mediated by Bankruptcy Court order, and those mediations that fail . . . will end up as adversary proceedings in the bankruptcy court.[3]

(*Ford Global* at 5 (citations and internal quotation marks omitted).) That same reasoning applies here.

Moreover, FHLB's fears of litigating twice are both overblown and disingenuous. They are overblown because the second round of litigation will be made much easier by the first. *See Kirschner v. Agoglia*, 476 B.R. 75, 83 (S.D.N.Y. 2012) ("[E]xperience strongly suggests that having the benefit of the report and recommendation will save the district court and the parties an immense amount of time."). This district is blessed with an exceptionally strong bankruptcy bench, and the Court has no doubt that the bankruptcy court's proposed findings will greatly enhance the Court's ultimate analysis in this matter. The fears are disingenuous because the only roadblock to the parties' engaging in one round of litigation is FHLB itself. LBSF has consented

---

[3] The Court notes that LBSF has made representations of its own that the bankruptcy court is handling numerous similar cases. (LBSF Br. at 15–16.)

4

to allowing the bankruptcy court to finally decide this issue, pursuant to section 157(c)(2) of Title 28. (*See* Complaint ¶ 10.) If FHLB were truly worried about multiple rounds of litigation, it could simply consent as well and avoid the need for duplication.[4]

The Court therefore determines that considerations of efficiency weigh against withdrawing the reference.

### C. Uniformity of Bankruptcy Administration

The uniformity-of-bankruptcy-administration prong considers both inter-case and intra-case uniformity. *See In re Lehman Bros. Holdings Inc.*, 480 B.R. at 196. Because the claims here are non-core – and thus do not involve interpretations of bankruptcy law – this factor weighs in neither direction to the extent it considers inter-case uniformity and bankruptcy law precedent. Nevertheless, to the extent this factor considers intra-case uniformity, it strongly weighs against withdrawing the reference. The Lehman bankruptcy involves numerous disputes involving derivatives contracts, and uniformity is clearly served by leaving all those disputes in the hands of a single court. *See In re Lehman Bros. Holdings Inc.*, 480 B.R. at 196–97.

---

[4] FHLB's contention that, under Article III of the Constitution, it might not be able to constitutionally consent to the bankruptcy court's jurisdiction is unpersuasive. FHLB is correct that parties may not consent *into* Article III jurisdiction, but the Supreme Court has held that parties may consent *out of* Article III jurisdiction and into a legislative court's jurisdiction, as long as the relevant statute does not eliminate parties' option of choosing an Article III court. *See CFTC v. Schor*, 478 U.S. 833, 855 (1986) ("Congress gave the CFTC the authority to adjudicate such matters, but the decision to invoke this forum is left entirely to the parties and the power of the federal judiciary to take jurisdiction of these matters is unaffected. In such circumstances, separation of powers concerns are diminished, for it seems self-evident that just as Congress may encourage parties to settle a dispute out of court or resort to arbitration without impermissible incursions on the separation of powers, Congress may make available a quasi-judicial mechanism through which willing parties may, at their option, elect to resolve their differences."). Indeed, 28 U.S.C. § 157(c)(2) explicitly allows parties to consent to final adjudication by the bankruptcy court, and FHLB has not cited in its briefing any authority questioning that provision's constitutionality. *But see In re BP RE, L.P.*, 735 F.3d 279, 285–86 (5th Cir. 2013).

### D. Forum Shopping

Here, there is no evidence of forum shopping. The Court therefore determines that this factor weighs in neither direction.

### III. CONCLUSION

The Court determines that two of the decisive factors weigh against withdrawal of the reference and no decisive factor weighs in favor of withdrawal of the reference. Accordingly, IT IS HEREBY ORDERED THAT the motion to withdraw the reference is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 1 and to close the case assigned docket number 13 Civ. 4121.

SO ORDERED.

Dated:     March 27, 2014
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE