# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3604
jtambe@JonesDay.com

June 18, 2014

BY E-MAIL AND CM/ECF

Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

    Re:    *Lehman Brothers Special Financing Inc. v. Federal Home Loan Bank of Cincinnati*, Adv. Proc. No. 13-01330 (SCC)

Dear Judge Chapman:

    We write to respond briefly to FHLB's June 11, 2014 letter to the Court. Dkt. #21. This case's initial status conference will occur more than a year after LBSF filed its complaint for one reason—FHLB's dilatory tactics. Now FHLB seeks again to delay the resolution of this matter.

    LBSF proposes to immediately present the Court with the critical legal issues in dispute: the proper Early Termination Date and valuation date of the terminated swap transactions. Those issues can be determined based on the Swap Agreement and a few related documents that FHLB will submit with its motion for partial summary judgment. FHLB concedes this approach is feasible. Dkt. #21 at 4 ("Determining these issues will require the Court to interpret the entire contract") and at 4-5 ("the Court could [] determine whether the contract has a plain meaning from the papers . . . ."). Deciding these initial issues will narrow the scope of discovery and increase the likelihood that the parties will reach a consensual resolution. Once decided, the parties may conduct discovery on the primary factual issue of this case: how to value the transactions with an Early Termination Date of September 15, 2008.

    There is no reason the parties should not move forward with coordinated briefing on both LBSF's and FHLB's motions, for the cases FHLB cite in its motion to dismiss stand for the proposition that courts have the discretion to hear declaratory relief counts. *Compare* Dkt. #15 at 9-12 (FHLB states that "declaratory jurisdiction is within the discretion of the Court") *with Enzo Biochem v. Johnson & Johnson*, 1992 U.S. Dist. LEXIS 15723, at *30 (S.D.N.Y. Oct. 15, 1992) (denying motion to dismiss declaratory judgment claims claimed to be duplicative of contract claims). Accordingly, LBSF proposes to file its partial summary judgment motion simultaneously with its opposition to FHLB's motion to dismiss.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Honorable Shelley C. Chapman
June 18, 2014
Page 2

      FHLB's lengthy submission complains (Dkt. #21 at 4) that LBSF did not mention *Peregrine Fixed Income Limited v. JP Morgan Chase Bank*, 2006 U.S. Dist. LEXIS 8766, *6 (S.D.N.Y. 2006). In *Peregrine*, an opinion on a motion to dismiss, the parties did not brief, nor did the court's opinion address, the key phrase here—"time immediately preceding"—or whether "on or as soon as reasonably practicable after" could possibly mean "before." Instead *Peregrine* involved a situation where the non-defaulting party had valued the transaction on the day after the automatic early termination date. And, under certain circumstances, the ISDA swap contract expressly permits a valuation after the early termination date. It does not permit what FHLB has done here, a valuation that pre-dates the early termination date.

      We look forward to discussing these issues with Your Honor.

Respectfully,

*/s/ Jayant W. Tambe*

Jayant W. Tambe

cc:    Counsel for the Federal Home Loan Bank of Cincinnati (by e-mail)