PROSKAUER ROSE LLP
Martin J. Bienenstock
Stephen L. Ratner
Philip M. Abelson
Eleven Times Square
New York, New York 10036
(212) 969-3000

TAFT STETTINIUS & HOLLISTER LLP
W. Timothy Miller, Esq.
W. Stuart Dornette, Esq.
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
(513) 381-2838

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
In re:                                                        :    Chapter 11
:
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,   :    Case No. 08-13555 (SCC)
:
Debtors.                                :    (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
LEHMAN BROTHERS SPECIAL FINANCING :
INC.,                                                            :
:
:
Plaintiff,                           :
:    Adv. Proc. No. 13-01330 (SCC)
-against-                                        :
:
:
FEDERAL HOME LOAN BANK OF            :
CINCINNATI,                                                :
:
Defendant.                           :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ANSWER AND COUNTERCLAIM**

Federal Home Loan Bank of Cincinnati ("FHLB"), as and for its Answer and Counterclaim to the Complaint against it filed by Lehman Brothers Special Financing, Inc. ("LBSF"), responds as follows to each numbered paragraph in the Complaint:

1. Admits the action seeks recovery from FHLB, and denies the remaining allegations in paragraph 1.

2. Admits that Lehman Brothers Holdings, Inc. ("LBHI") filed for bankruptcy protection pursuant to chapter 11 of title 11 of the United States Code at or about 1:45 a.m. on September 15, 2008. Denies the remaining allegations in paragraph 2, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

3. Denies the allegations in paragraph 3, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

4. Admits FHLB made a payment to LBSF on September 25, 2008 and denies the remaining allegations in paragraph 4.

5. Denies the allegations in paragraph 5, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

6. Admits FHLB has stated that the Early Termination Date was September 12, 2008, and denies the remaining allegations in paragraph 6.

7. Admits that LBSF seeks the relief described in paragraph 7 and denies the remaining allegations in paragraph 7.

8. Admits the action is an adversary proceeding and denies the remaining allegations in paragraph 8.

9. States that no response is required to the allegations in paragraph 9 because those allegations purport to state legal conclusions. To the extent a response is required, denies the allegations in paragraph 9.

10. Admits paragraph 10, except denies LBSF can constitutionally consent to the Bankruptcy Court determining the action, and affirmatively states that FHLB does not consent to the entry of final orders and judgment by the Bankruptcy Court determining the complaint.

11. Admits paragraph 11.

12. Admits paragraph 12, except denies the Bankruptcy Court has jurisdiction to issue any order against FHLB involving the exercise of the essential attributes of judicial power.

13. Admits that LBHI commenced a case with the United States Bankruptcy Court for the Southern District of New York under chapter 11 of the Bankruptcy Code on or about September 15, 2008, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Admits that it is a federally-chartered corporation that was established by the Federal Home Loan Bank Act of 1932, is one of 12 District Federal Home Loan Banks, and that its office is located at 221 East Fourth Street, 600 Atrium Two, Cincinnati, Ohio 45202, but denies the remaining allegations in paragraph 15.

16. Admits that LBSF and FHLB were counterparties to at least 87 interest rate swap and option transactions governed in part by the documents described in paragraph 16, and denies the remaining allegations in paragraph 16.

17. Admits that the Schedule named "Lehman Brothers Holdings" as a "Credit Support Provider" with respect to LBSF, and denies the remaining allegations in paragraph 17, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

18. Denies the allegations in paragraph 18, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

19. Admits that the parties selected Automatic Early Termination, Second Method and Market Quotation, as those terms are defined in the contract between the parties, denies the remaining allegations in paragraph 19, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

20. Denies the allegations in paragraph 20, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

21. Denies the allegations in paragraph 21, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

22. Admits that the parties selected Second Method and Market Quotation, as those terms are defined in the contract between the parties, denies the remaining allegations in paragraph 22, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

23. Denies the allegations in paragraph 23, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

24. Denies the allegations in paragraph 24, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

25. Denies the allegations in paragraph 25, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

26. Denies the allegations in paragraph 26, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

27. Denies the allegations in paragraph 27, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

28. Denies the allegations in paragraph 28, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

29. Admits LBHI filed a chapter 11 petition at or about 1:45 a.m. on September 15, 2008, denies the remaining allegations in paragraph 29, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

30. Admits that FHLB sent a letter to LBSF on or about September 15, 2008, denies the remaining allegations in paragraph 30, and respectfully refers the court to the referenced letter for its complete contents.

31. Denies the allegations in paragraph 31, and respectfully refers the Court to the referenced September 15, 2008 letter for its complete contents.

32. Denies the allegations in paragraph 32. And, upon information and belief, denies specifically that the manner by which LBSF arrived at the number included in this paragraph has anything to do with the manner and methods for termination calculations set out in the contract between the parties.

33. Admits FHLB entered into new transactions on or about September 16, 2008, denies the remaining allegations in paragraph 33, and respectfully refers the Court to the referenced document for its complete contents.

34. Admits FHLB sent a letter to LBSF on or about September 25, 2008, denies the remaining allegations in paragraph 34, and respectfully refers the Court to the letter for its complete contents.

35. Denies the allegations in paragraph 35, and respectfully refers the Court to the referenced September 25, 2008 letter for its complete contents and to the contract between the parties for its complete contents, terms, and conditions.

36. Denies the allegations in paragraph 36, and respectfully refers the Court to the referenced September 25, 2008 letter for its complete contents and to the contract between the parties for its complete contents, terms, and conditions.

37. Admits that FHLB wired $13,737,154.62 to LBSF on or about September 25, 2008, denies the remaining allegations in paragraph 37, and respectfully refers the Court to the referenced September 25, 2008 letter for its complete contents and to the contract between the parties for its complete contents, terms, and conditions.

38. Denies the allegations in paragraph 38, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

39. Denies the allegations in paragraph 39, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

40. Denies the allegations in paragraph 40.

41. Denies the allegations in paragraph 41, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

42. Repeats and realleges its responses to the allegations in the preceding paragraphs, as if fully set forth herein.

43. Admits FHLB has stated that the Early Termination Date was September 12, 2008, and denies the remaining allegations in paragraph 43.

44. Denies the allegations in paragraph 44, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

45. Admits the allegations in paragraph 45.

46. Denies the allegations in paragraph 46, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

47. States that no response is required to the allegations in paragraph 47 because those allegations purport to state legal conclusions. To the extent a response is required, denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Admits that LBSF is requesting the relief described, and denies the remaining allegations in paragraph 49.

50. Repeats and realleges its responses to the allegations in the preceding paragraphs, as if fully set forth herein.

51. Admits that FHLB's Early Termination Payment was based in part on market quotations as of the close of business on September 12, 2008, and denies the remaining allegations in paragraph 51.

52. Denies the allegations in paragraph 52, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

53. Denies the allegations in paragraph 53, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

54. States that no response is required to the allegations in paragraph 54 because those allegations purport to state legal conclusions. To the extent a response is required, denies the allegations in paragraph 54.

55. Denies the allegations in paragraph 55.

56. Admits that LBSF is requesting the relief described, and denies the remaining allegations in paragraph 56.

57. Repeats and realleges its responses to the allegations in the preceding paragraphs, as if fully set forth herein.

58. Denies the allegations in paragraph 58, and respectfully refers the Court to the contract between the parties for its complete contents, terms, and conditions.

59. Denies the allegations in paragraph 59.

60. Denies the allegations in paragraph 60.

61. Admits that FHLB entered into new transactions on or about September 16, 2008, and denies the remaining allegations in paragraph 61.

62. Admits that LBSF is requesting the relief described, and denies the remaining allegations in paragraph 62.

63. Repeats and realleges its responses to the allegations in the preceding paragraphs, as if fully set forth herein.

64. Admits that the Agreement, as defined in the Complaint, constituted part of a valid contract between LBSF and FHLB, and denies the remaining allegations in paragraph 64.

65. Denies the allegations in paragraph 65.

66. Denies the allegations in paragraph 66.

67. Denies the allegations in paragraph 67.

68. Denies the allegations in paragraph 68.

69. Denies the allegations in paragraph 69.

## AFFIRMATIVE DEFENSES

70. The Complaint fails to state a claim upon which relief may be granted.

71. LBSF is not entitled to the declaratory judgments it requested.

72. LBSF's claims are barred, in whole or in part, by doctrines of waiver and estoppel.

73. LBSF's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

74. LBSF's claims are barred, in whole or in part, by the doctrine of unclean hands.

75. LBSF's claims are subject to set-off and recoupment.

76. FHLB reserves its right to assert any and all additional legal and/or equitable defenses based on discovery or further factual investigation in this case.

## COUNTERCLAIM

77. FHLB, by its undersigned counsel, as and for its counterclaim against LBSF, alleges as follows upon information and belief:

### Jurisdiction and Venue

78. Federal Courts have subject matter jurisdiction under 28 U.S.C. §1334. This is a non-core matter under 28 U.S.C. §157 by which this Court may issue proposed findings of fact and conclusions of law with respect to FHLB's counterclaim. FHLB does not consent to the entry of final orders and judgment by the Bankruptcy Court determining the counterclaim. Venue is proper under 28 U.S.C. §1409.

**Parties**

79.    FHLB is a federally-chartered corporation that was established by the Federal Home Loan Bank Act of 1932 located at 221 East Fourth Street, 600 Atrium Two, Cincinnati, Ohio 45202.

80.    LBSF alleges, and on that basis FHLB alleges, that LBSF is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1271 Sixth Avenue, New York, New York 10020.

**Background**

81.    As of September 12, 2008, FHLB and LBSF were counterparties to 87 interest rate swap transactions (the "Transactions"), each of which was governed by a Master Agreement between FHLB and LBSF, dated September 6, 2001, and a number of accompanying documents, including a Schedule, a Guarantee, a Credit Support Annex and a trade Confirmation for each individual Transaction (collectively, the "Agreement").

82.    The Agreement named Lehman Brothers Holdings Inc. ("LBHI"), LBSF's parent corporation, as a "Credit Support Provider" to LBSF.

83.    At approximately 1:45 a.m. on Monday, September 15, 2008, LBHI commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York.

84.    The bankruptcy filing by LBSF's Credit Support Provider constituted an "Event of Default" by LBSF under the Agreement. The filing also triggered the Automatic Early Termination provision of the Agreement, which terminated all 87 Transactions.

85. Section 11 of the Agreement, titled "Expenses", provides for the defaulting party (LBSF) to indemnify and hold harmless the non-defaulting party (FHLB) for all reasonable expenses incurred in connection with the termination of any transaction under the Agreement:

> A Defaulting Party will, on demand, indemnify and hold harmless the other party for and against all reasonable out-of-pocket expenses, including legal fees and Stamp Tax, incurred by such other party by reason of the enforcement and protection of its rights under this Agreement or any Credit Support Document to which the Defaulting Party is a party or by reason of the early termination of any Transaction, including, but not limited to, costs of collection.

*See* Section 11 of the Agreement.

## **Claim for Relief**

86. FHLB repeats and realleges paragraphs 1 through 85 as though fully set forth herein.

87. Section 11 of the Agreement provides that FHLB, as the non-defaulting party, is entitled to an award of reasonable out-of-pocket expenses, including legal fees, incurred by reason of the enforcement or protection of its rights under the Agreement or by reason of the early termination of the Transactions entered into under the Agreement.

88. FHLB has incurred and continues to incur out-of-pocket expenses including legal fees by reason of the enforcement or protection of its rights under the Agreement or by reason of the early termination of the Transactions entered into under the Agreement.

89. LBSF is the "Defaulting Party" as that term is used in the Agreement.

90. FHLB is thus entitled to a report and recommendation by this Court to the District Court for the Southern District of New York proposing an award of attorney's fees, costs, and all other expenses by reason of the enforcement or protection of its rights under the Agreement or by reason of the early termination of the Transactions entered into under the Agreement.

WHEREFORE FHLB requests that the Court propose to the District Court for the Southern District of New York that the Complaint should be dismissed in its entirety, and that FHLB should be granted an award of attorney's fees, costs, and all other expenses by reason of the enforcement or protection of its rights under the Agreement or by reason of the early termination of the Transactions entered into under the Agreement and such other and further relief as is just and proper.

Dated:  New York, New York
            July 11, 2014

PROSKAUER ROSE LLP

By: /s/ Martin J. Bienenstock

Martin J. Bienenstock
Stephen L. Ratner
Philip M. Abelson
Eleven Times Square
New York, New York 10036
(212) 969-3000

TAFT STETTINIUS & HOLLISTER LLP
W. Timothy Miller, Esq.
W. Stuart Dornette, Esq.
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: 513.381.2838
Facsimile: 513.381.0205

*Attorneys for Defendant*